UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DANIEL WALSH,

                    Plaintiff,

       -against-

JOAN McKELVEY.

                    Defendant.
-----------------------------------------------------------------X

CIVIL ACTION No.:

**VERIFIED COMPLAINT**

CV 13 4450
SPATT, J.
LINDSAY, M

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY
★ AUG 07 2013 ★
LONG ISLAND OFFICE

Plaintiff, DANIEL WALSH, by and through his attorneys, CARMAN, CALLAHAN & INGHAM, LLP., complaining of the Defendant, alleges the following upon information and belief:

## JURISDICTION AND VENUE

1. DANIEL WALSH resides at 39 Irving Street, Brookline, Massachusetts. The Defendant is a resident of the State of New York. The amount in controversy exceeds $75,000.00. This Court has subject matter jurisdiction under the provision of 28 USC §1332 in that there is diversity of citizenship between the parties.

2. The occurrence took place on Bellmore Avenue in the town of North Merrick, Nassau County, New York. Thus, venue is properly laid in this Court pursuant to 28 USC Section 1391(e).

## THE PARTIES

3. The plaintiff is a citizen of the United States and resides at 39 Irving Street, Brookline, Massachusetts.

4. Upon information and belief, and at all times mentioned herein, the Defendant, was a resident of the County of Nassau, State of New York.

5. At all times hereinafter mentioned, the Plaintiff, Daniel Walsh was the owner of a 2008 Hyundai bearing New York State License Plate No. GAN4584.

6. At all times hereinafter mentioned, Defendant, Joan McKelvey, was the owner of a 2001 Chevrolet bearing New York State License Plate No. BBD6075.

7. The cause of action herein arose in the County of Nassau, State of New York on June 17, 2011.

8. At the time of the occurrence, the Defendant, Joan McKelvey, was the owner of a 2001 Chevrolet bearing New York State License Plate No. BBD6075.

9. At the time of the occurrence, the Defendant, Joan McKelvey, was the operator of a 2001 Chevrolet bearing New York State License Plate No. BBD6075.

10. At the time of the occurrence, the Defendant, Joan McKelvey operated the 2001 Chevrolet bearing New York State License Plate No. BBD6075 with the permission and consent of the owner.

11 At all times hereinafter mentioned, Bellmore Avenue, located in the Town of Hempstead, County of Nassau, State of New York, is a public roadway and/or thoroughfare used in common by residents of the State of New York and others.

12. On June 17, 2011, the defendant was operating the 2001 Chevrolet bearing New York State License Plate No. BBD6075 on Bellmore Avenue in the vicinity of Bradley Court when it struck the vehicle occupied by the plaintiff while that vehicle was stopped on Bellmore Avenue.

13. The Defendant was negligent in that she failed to keep the motor vehicle she was operating under proper control; the plaintiff was also negligent in allowing the vehicle she was operating to strike the rear of the Plaintiff's vehicle and permitting the same to occur without warning or notice; the plaintiff was otherwise negligent in failing to maintain the vehicle and in failing to keep a proper look out while she operated the vehicle along the public roadway.

warning or notice; the plaintiff was otherwise negligent in failing to maintain the vehicle and in failing to keep a proper look out while she operated the vehicle along the public roadway.

14. By reason of the negligence of the Defendant, Daniel Walsh suffered injuries to his head, neck and back. Some of the injuries he sustained are permanent including those injuries to his cervical spine; the impact of those injuries has caused him to be unable to fully attend to his usual duties at work and his normal daily activities outside of work.

15 The aforesaid occurrence was caused by the negligence of the defendant without any culpable conduct on the part of the Plaintiff.

16 As a result of the aforesaid contact, Plaintiff, Daniel Walsh, was injured.

17. As a result of the foregoing, the Plaintiff sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York.

18. By reason of the foregoing, Plaintiff, Daniel Walsh, has been damaged in an amount exceeding the jurisdictional limits of all the lower courts.

WHEREFORE, the Plaintiff, Daniel Walsh, demands judgment against the defendant in an amount that exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with interest, costs and disbursements.

Dated: Farmingdale, New York
August 1, 2013

Yours, etc.,

CARMAN CALLAHAN & INGHAM, LLP

_____
James M. Carman (6268)
Attorneys for Plaintiff
Daniel Walsh
266 Main Street
Farmingdale, New York 11735
516-249-3450
Fax No. 516-843-6390

To:   Joan McKelvey
      764 Merrick Ave
      East Meadow, N.Y.  11554